[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendant, Robertson — Ceco Corporation ("Ceco") has moved for summary judgment as to the complaint against it by defendant and third party plaintiff Turner Construction Company. ("Turner")
This case has been consolidated with McKinnon v. ClevelandCement Corp., Docket No. CV 333235 and Capodanno v. ClevelandCement, Docket No. CV 331634, which involves the same claim of personal injuries resulting from falls from an allegedly defective ladder at a construction site. Ceco has likewise moved for summary judgment in those cases.
Turner has, in response to Ceco's motion for summary judgment, filed no affidavit or other materials that create a genuine issue of fact as to Ceco's claimed lack of involvement in designing, building or maintaining the ladder from which the plaintiff alleges he fell. Turner has not, pursuant to Practice Book § 382, sought additional time to take additional depositions or otherwise obtain materials to counter the movant's factual showing.
While Turner objects that a release filed by Ceco is of no CT Page 1154-CC legal effect, this court places no reliance on that release but finds that there is no genuine issue of fact as as to the issue of Ceco's noninvolvement in building, designing, supplying or maintaining the ladder, that the uncontroverted evidence is that Ceco had no involvement, and that summary judgment is warranted in its favor.
Turner has filed some additional excerpts from the deposition of Anthony Suscietto and has argued that these excerpts indicate the existence of a genuine issue of disputed fact as to whether the ladder at issue was constructed or furnished by Ceco. Actually, Mr. Suscietto testified that he had no knowledge who, other than himself, constructed the ladders that were on the site (Deposition, Tr. p. 4) and that he had been employed by either Cleveland or Turner, but not by Ceco. (Deposition, Tr. p. 48).
The submissions of Turner do not demonstrate the existance [existence] of any fact that puts in dispute the showing that Ceco did not furnish, design or build the only ladder at issue or that it had any role in maintaining any ladders at the site after it left the site. Mr. Suscietto's lack of knowledge concerning the ladder at CT Page 1154-DD issue does not create a dispute as to whether it was built or maintained by Ceco. Rather, it merely establishes the existence of a witness who does not know whose ladder the plaintiffs fell from. Turner has submitted no document and no statement of any person that supports its claim against Ceco or that demonstrate the existence of a factual dispute on the issue.
The court further adopts its analysis as to the motion for summary judgment in McKinnon v. Cleveland Cement Corp., supra.
The motion of third party defendant Robertson — Ceco Corporation for summary judgment as to the third party complaint of Turner Construction Company is granted.
Beverly J. Hodgson, Judge of the Supreme Court